UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

PAUL D. CEGLIA,

        Plaintiff-Appellant,

v.

MARK ELLIOT ZUCKERBERG and FACEBOOK, INC.,

        Defendants-Appellees.

No. 14-1365

**DEFENDANTS-APPELLEES' OPPOSITION TO PLAINTIFF-APPELLANT'S MOTION TO CONSOLIDATE APPEALS**

    Defendants-Appellees Mark Elliot Zuckerberg and Facebook, Inc. respectfully submit this opposition to Plaintiff-Appellant Paul Ceglia's motion to consolidate the appeal in his lawsuit against Mark Zuckerberg and Facebook (No. 14-1365) with the appeal in his lawsuit against Attorney General Eric Holder (No. 14-1752).

    **1.**    Consolidation is unwarranted because these are appeals from different lawsuits involving different parties and presenting different issues. Appeal No. 14-1365 arises from the dismissal of Ceglia's fraudulent lawsuit against Zuckerberg and Facebook—a lawsuit that the magistrate judge and district court found was based on a forged contract and fabricated emails. Appeal No. 14-1752, in contrast,

arises from the dismissal of Ceglia's lawsuit attempting to enjoin his own criminal prosecution for mail fraud and wire fraud.

Moreover, the parties in the two cases are different: the defendants in No. 14-1365 are Zuckerberg and Facebook; the defendants in No. 14-1752, on the other hand, are the Attorney General, the U.S. Attorney for the Southern District of New York, and two Assistant U.S. Attorneys.

And most importantly, the issues presented in the two appeals are different. In No. 14-1365, the five issues raised in Ceglia's opening brief focus on whether the magistrate judge and district court erred in dismissing his lawsuit based on their finding that Ceglia was perpetrating a fraud on the court and had willfully destroyed critical evidence. *See* Ceglia Opening Br. in No. 14-1365 at 1-2. The single issue presented in No. 14-1752, in contrast, is: "Whether the District Court erred when it denied plaintiff's motion for a preliminary injunction wherein he sought to enjoin defendants from prosecuting him for mail and wire fraud because he had filed and served litigation documents in an underlying civil action and when it dismissed his complaint under Federal Rule of Civil Procedure 12(b)(6)." Ceglia Opening Br. in No. 14-1752 at 1. These are, in short, distinct cases that present distinct legal issues.[1]

---

[1] The first sentence of Ceglia's argument in favor of consolidation presents the ostensibly common issue in the two appeals as follows: "In both cases the plaintiff's First Amendment right to petition has been denied." Ceglia Mot.

**2.** Federal Rule of Appellate Procedure 3(b) expressly authorizes consolidated appeals when two or more parties file separate notices of appeal from the *same* district court judgment or order. That is not the case here. These were separate proceedings in the district court and resulted in separate final judgments. Similarly, while this Court has held that consolidation may be warranted when equity and judicial economy so require, *see Chem One, Ltd. v. M/V Rickmers Genoa*, 660 F.3d 626, 642 (2d Cir. 2011), that is not the case here either. Indeed, it would plainly be *in*equitable to force all of the defendants into a single proceeding when the two cases present completely different legal issues.

Nor would consolidation serve judicial economy. Because Ceglia delayed his motion to consolidate until *after* he had filed his opening briefs and appendices in both appeals, there would be no benefit from joint briefing or from having a single appendix on appeal. Indeed, given that the briefing is well underway, it is not apparent what purpose consolidation would even serve at this point. Ceglia is not suggesting that the Appellees in both appeals file a single brief or share argument time, nor would such an approach be fair or warranted.

Ceglia argues that the two appeals are related because there are overlapping factual questions. Ceglia Mot. at 7. But this Court, if it believes there is overlap,

---

at 6. This assertion is inexplicable because Ceglia's appeal in No. 14-1365 does not raise a First Amendment challenge. In fact, his appellate brief does not mention either the First Amendment or the right to petition.

3

can simply schedule these appeals to be heard in tandem before the same three-judge panel. *See, e.g.*, *Viacom Int'l, Inc. v. Youtube, Inc.*, No. 10-3270, Dkt. No. 51 (2d Cir. Oct. 18, 2010) (denying motion to consolidate appeals but ordering that they be heard in tandem by a single panel).

**3.**   Finally, although none of it is relevant to the question of consolidation, Ceglia fills his motion with baseless attacks on the district court, the magistrate judge, and the order dismissing his lawsuit against Zuckerberg and Facebook. *See* Ceglia Mot. at 2-6. For example, Ceglia mischaracterizes the magistrate judge's ruling by claiming that the judge "admitted that he considered the evidence most favorable to the defendants." Ceglia Mot. at 3 n.2. Of course the magistrate judge said no such thing. *See* Sp. App. 36. Likewise, Ceglia claims that he was indicted by the grand jury in the Southern District of New York merely for "engaging in ordinary litigation activities," Ceglia Mot. at 3, but neglects to mention that what he views as "ordinary litigation activities" actually consisted of, as the indictment puts it, "a multi-billion dollar scheme to defraud Facebook, Inc. and Mark Zuckerberg and to corrupt the federal judicial process." Indictment, *United States v. Ceglia*, No. 12-cr-876, Dkt. No. 10, at 2 (S.D.N.Y. Nov. 26, 2012). Zuckerberg and Facebook will respond more fully to Ceglia's many mischaracterizations of the law and the evidence at the appropriate time—in their response brief.

## CONCLUSION

The Court should deny Ceglia's motion to consolidate the appeals.

Respectfully submitted,

|  |  |
|---|---|
|  | /s/ Orin Snyder |
| Thomas H. Dupree, Jr. | Orin Snyder |
| Robert Gonzalez | Alexander H. Southwell |
| GIBSON, DUNN & CRUTCHER LLP | Matthew J. Benjamin |
| 1050 Connecticut Avenue, NW | GIBSON, DUNN & CRUTCHER LLP |
| Washington, DC 20036 | 200 Park Avenue, 47th Floor |
| (202) 955-8500 | New York, NY 10166-0193 |
|  | (212) 351-4000 |
| Terrance P. Flynn |  |
| HARRIS BEACH PLLC |  |
| 726 Exchange Street, Suite 1000 |  |
| Buffalo, NY 14210 |  |
| (716) 200-5120 |  |

*Attorneys for Appellees*

Dated: September 29, 2014

## CERTIFICATE OF SERVICE

I certify that on this 29th day of September 2014, a true and correct copy of the foregoing brief was served on the following counsel of record in this appeal via CM/ECF pursuant to Local Rule 25.1 (h)(1) & (2):

Joseph M. Alioto
Alioto Law Firm
One Sansome Street, 35th Floor
San Francisco, CA 94104

Gil D. Messina
Messina Law Firm, P.C.
961 Holmdel Road
Holmdel, NJ 07733

/s/  Thomas H. Dupree, Jr.
Thomas H. Dupree, Jr.