**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**
Thurgood Marshall U.S. Courthouse    40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

Docket Number(s): **14-1365**                                                                 Caption [use short title]

Motion for: Order to Supplement Record and File Document Under Seal    **Ceglia v. Zuckerberg, et al.**

Set forth below precise, complete statement of relief sought:

**Plaintiff-Appellant seeks an order permitting him to**

**supplement the record by filing a document under seal**

MOVING PARTY: **Paul D. Ceglia**                    OPPOSING PARTY: **Mark Elliot Zuckerberg, et al.**
☑ Plaintiff          ☐ Defendant
☑ Appellant/Petitioner   ☐ Appellee/Respondent

MOVING ATTORNEY: **Gil D. Messina**                 OPPOSING ATTORNEY: **Thomas Henderson Dupree, Jr.**
[name of attorney, with firm, address, phone number and e-mail]

**Messina Law Firm, P.C.**                          **Gibson, Dunn & Crutcher, LLP**

**961 Holmdel Rd., Holmdel, NJ 07733**              **1050 Connecticut Ave., NW, Washington, DC 20036**

**732-332-9300  gmessina@messinalawfirm.com**       **202-955-8547  tdupree@gibsondunn.com**

Court-Judge/Agency appealed from: **U.S. District Court, Western District of New York, Honorable Richard J. Arcara**

Please check appropriate boxes:                     FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND
                                                    INJUNCTIONS PENDING APPEAL:
Has movant notified opposing counsel (required by Local Rule 27.1):   Has request for relief been made below?                  ☐ Yes ☐ No
☑ Yes ☐ No (explain):_____          Has this relief been previously sought in this Court?    ☐ Yes ☐ No
                                                    Requested return date and explanation of emergency:_____
Opposing counsel's position on motion:
☐ Unopposed ☐ Opposed ☑ Don't Know
Does opposing counsel intend to file a response:
☐ Yes ☐ No ☑ Don't Know

Is oral argument on motion requested?        ☑ Yes ☐ No  (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?        ☑ Yes ☐ No  If yes, enter date: **April 16, 2015**

**Signature of Moving Attorney:**
s/ Gil D. Messina          Date: February 17, 2015       Service by: ☑ CM/ECF    ☐ Other [Attach proof of service]

**Form T-1080** (rev. 12-13)

**IN THE
UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

---

|  |  |  |
|---|---|---|
| PAUL D. CEGLIA, | : | |
| | : | |
| Plaintiff-Appellant, | : | Docket No. 14-1365 |
| | : | |
| v. | : | |
| | : | |
| MARK ELLIOT ZUCKERBERG, et al., | : | |
| | : | |
| Defendants-Appellees. | : | |

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

**PLAINTIFF-APPELLANT'S MOTION TO
SUPPLEMENT RECORD AND FILE  DOCUMENT UNDER SEAL**

---

**Relief Requested**

The plaintiff-appellant Paul D. Ceglia respectfully requests leave to file a two-page email under seal in order to supplement the record in this appeal for the reasons set forth herein and in the supporting Declaration of Gil D. Messina.

**Facts in Support of Motion**

The two-page email was disclosed to plaintiff-appellant Paul Ceglia's counsel for the first time by the government in discovery in the criminal case now pending against him in the Southern District of New York (*United States v. Ceglia*, Case No. 12-cr-876 (VSB)).[1]/ Declaration in Support of Plaintiff-Appellant's Motion to Supplement Record and File Document Under Seal ("Messina Decl.") ¶ 3. The email reveals that appellees Zuckerberg and Facebook possess highly relevant evidence, including a proposed contract between Zuckerberg and Ceglia that had been prepared by Zuckerberg, which should have

---

[1] In a highly unusual and suspect procedure, the criminal action was initiated by the government against Mr. Ceglia in the Southern District of New York for having brought the civil action – which is the subject of this appeal – in the Western District of New York while the civil action was still pending in that district and a decision had not yet been made on defendants' Motion to Dismiss for Fraud on the Court. The criminal prosecution for wire and mail fraud was intended to both chill Mr. Ceglia's First Amendment right to resort to the civil courts and prejudice the court in Buffalo. Mr. Ceglia sought to enjoin the criminal prosecution and he was denied. That order is the subject of the related appeal in *Ceglia v. Holder, et al,* case number 14-1752, which will be argued in tandem with this appeal.

2

been produced in the district court pursuant to an order of that court, but was not. Messina Decl. ¶¶ 6-7. The email dated August 18, 2003, was obviously obtained by the government from Mr. Zuckerberg and Facebook, Inc. and when the government produced it in discovery in the criminal case, it was marked "Confidential Information," even though it does not contain any confidential information. Messina Decl. ¶¶ 4-5.

Because the email was marked confidential, it automatically became subject to a Protective Order entered in the criminal case which a) generally prohibits its disclosure and b) prohibits its use, except in the criminal action. *Id.*

The email, which was previously unknown to Mr. Ceglia and his civil attorneys, is highly relevant to this appeal because it shows that the civil defendants, Facebook and Zuckerberg, withheld important evidence in the underlying civil action, misrepresented its existence to the Court there, and the order which denied plaintiff general discovery was, consequently, highly prejudicial to him. Messina Decl. ¶¶ 6-7.

The email states that Mr. Zuckerberg created a contract document between himself and Mr. Ceglia which he sent to Ceglia. The email was never acknowledged to exist by the defendants in the case below, even though counsel for Zuckerberg and Facebook assured the district court that all such emails would

3

be produced.  (See discussion about the hearing in the district court on June 30, 2011 below.)  *Id.*

After disclosure of the email in the criminal case, Mr. Ceglia's new criminal defense attorneys (who also represent him in the underlying civil actions), requested that the email be released from the confidentiality designation and Protective Order in the criminal case so that Mr. Ceglia could move to supplement the record in this appeal with it.  Facebook and Zuckerberg refused.  Ceglia's counsel also asked the government if it would agree to release the email from the strictures of the Protective Order and the government initially declined to do so. Messina Decl. ¶¶ 8-9.

After a hearing on January 30, 2015, before the Honorable Vernon S. Broderick, the government and Ceglia's counsel met and conferred and on February 6, 2015, the government agreed that the email could be submitted to the Second Circuit in this appeal provided it is filed under seal.  Messina Decl. ¶ 10.

The following additional facts are pertinent to this motion.

Plaintiff filed a Cross-Motion for Mutual Expedited Discovery in the trial court on June 17, 2011 (Doc. 57).  Part of plaintiff's substantial submissions in support of his cross-motion are found at A-190-275 of the Joint Appendix.

4

Argument was made before the Magistrate Judge on plaintiff's cross-motion and other motions on June 30, 2011.  At that time, counsel for Facebook and Zuckerberg agreed to produce "all documents constituting or reflecting or referring to agreements between plaintiff and Zuckerberg," during the following exchange with the Court:

> THE COURT:       In other words, all of the things that he – I'm drawing your attention to, and you know what I'm referring to, page 12 and 13 of the plaintiff's memorandum, there are listed therein one, two, three, four, five categories of which don't sound burdensome –

> MR. SNYDER:      I can address each, your Honor.

> THE COURT:       Yes, that's my point.  What is wrong with, for example, getting all documents constituting or reflecting or referring to agreements between plaintiff and Zuckerberg –

> MR. SNYDER:      Well, your Honor –

> THE COURT:       – what's wrong with that?

> MR. SNYDER:      We have none, so that's –

> THE COURT:       That's the first time I've heard that.  Did you say that in your reply?  I don't remember that.

> MR. SNYDER:      We have – I said to your Honor today that _Mr. Zuckerberg doesn't have a copy of the contract_, and therefore we would agree to mutual discovery on that, and there's nothing to exist.

> THE COURT:       The only emails that refer to it are the ones we've been discussing, and you don't want those to be provided for the reasons you stated.

5

MR. SNYDER:     *We will provide those emails* after Mr. Ceglia –

THE COURT:      *So that request is actually okay.*

MR. SNYDER:     *Yes, your Honor.* [2]/

(Emphases added.)

Following the June 30, 2011 hearing, the Magistrate Judge entered an Order

on July 1, 2011, granting in part plaintiff's cross-motion and ordering that:

> Defendant shall produce all emails in their original, native and hard-copy form between Defendant Zuckerberg and Plaintiff and/or other persons associated with StreetFax that were captured from Zuckerberg's Harvard email account ... .  (Doc. 83).  A-279-280.

Subsequently, on April 6, 2012, the Magistrate Judge granted in part a

motion by defendants and stayed general discovery,[3]/ in that same text order, the

court again "direct[ed] Defendants to provide reciprocal discovery regarding the

Harvard emails."  SA-1.

The August 18, 2003 email from Zuckerberg's Harvard email account was

not produced by the defendants in the civil action.  It was produced for the first

---

[2] Transcript of June 30, 2011 hearing (Doc. 94) T.52:1-53:7.  The two transcript pages are attached to the Messina Decl. as Exhibit A.  See also Messina Decl. ¶ 7.

[3] This text order staying general discovery (Doc. 348) is one of the rulings which is the subject of this appeal.  SA-1.

time in the criminal case by the government. That email from Zuckerberg to an associate who was also working on the coding for plaintiff's StreetFax project refers to a contract which Zuckerberg prepared and sent to Ceglia, but which was never produced by Zuckerberg or Facebook in discovery. Had the email been produced as ordered by the district court, the existence of the other proposed contracts and emails produced by Zuckerberg which are contained on his computers would have become known and been demanded. Ceglia submits that had he been afforded even rudimentary discovery, the contents of Zuckerberg's computers from that period (which were – and remain – readily available) would confirm his claim that the Work for Hire Contract is the authentic contract between the parties. Messina Decl. ¶ 12.

However, in the lower court, plaintiff was denied access to Zuckerberg's computers when the court stayed general discovery and the defendants failed to comply with the order for even the limited production of Zuckerberg's Harvard emails.

The August 18, 2003 email produced in the criminal action is important to this appeal because it underscores the prejudice to plaintiff that resulted from the one-sided discovery the district court ordered in favor of the defendants and the

7

defendants' failure to comply – despite assurances they would – with the limited

discovery order the court did enter against them.  Messina Decl. ¶ 13.

## Argument in Support Motion to Supplement the Record and File August 18, 2003 Email Under Seal

Generally, an appellate court cannot consider evidence that was not

contained in the record below.  However, this rule is not etched in stone.  When

the interests of justice demand it, an appellate court may order the record of a case

enlarged.  *Dakota Indus. v. Dakota Sportswear*, 988 F.2d 61, 63 (8th Cir.1993),

see also, *Turk v. United States*, 429 F.2d 1327, 1329 (8th Cir. 1970).  While

federal courts do not often supplement the record on appeal with evidence not

reviewed by the court below, it is clear that the authority to do so exists.

*Dickerson v. Alabama*, 667 F.2d 1364, 1367 (11th Cir.) *cert. denied*, 459 U.S. 878

(1982).  In *United States v. Aulet*, 618 F.2d 182, 187 (2d Cir. 1980) this Court

found, "Where anything material to a claim on appeal is omitted from the record,

the court, under authority of Fed. R. App. P. 10(e), may, on proper suggestion or

of its own initiative direct that a supplemental record be certified and transmitted."

Other courts have found that a court of appeals has discretionary authority to

supplement the record with material not reviewed by the district court in special

circumstances.

In *United States v. Neeley*, 308 Fed. Appx. 870 (6th Cir. 2009), the Court enunciated several factors to be considered when deciding whether to exercise its discretion and review documents outside the record: (1) whether proper resolution of the case was beyond any dispute; (2) whether it would be inefficient to remand to the district court for review of additional facts; (3) whether the opposing party had notice of the existence of the disputed evidence; and (4) whether the case is before the court on a *habeas corpus* claim, because federal appellate judges have "unique powers" in that context. Plaintiff respectfully submits that elements 2 and 3 are applicable. With regard to number 3, defendants not only had notice of the existence of the document, they both possessed and had a duty to produce it. With respect to the second element, it would be inefficient to remand to the district court to review the additional facts because the email does not disclose the substance of the withheld evidence, only its existence and the fundamentally flawed procedure employed by the district court which prevented plaintiff from being able to obtain relevant evidence and allowed the defendants to improperly conceal it.

Plaintiff respectfully submits that this tips the equities in favor of plaintiff's motion to supplement the record on appeal with the August 18, 2003 email. This document supports plaintiff's argument that the court below should not have grossly restricted plaintiff's discovery but should have permitted plaintiff access to

Zuckerberg's proposed drafts of the contracts between him and plaintiff that were never produced.  It is this very type of discovery that plaintiff asserted from the inception of the litigation would confirm the authenticity of the Work for Hire Contract, the contract upon which the civil action and this appeal are based.

## CONCLUSION

Plaintiff-appellant respectfully requests that he be afforded leave to supplement the record in this appeal with the two-page August 18, 2003 email produced in *United States v. Ceglia* and that the Court allow him to file the same under seal as required by the Protective Order in the criminal case.

Respectfully submitted,

s/ Gil D. Messina
Gil D. Messina
Messina Law Firm, P.C.
961 Holmdel Road
Holmdel, NJ 07733
(732) 332-9300

Joseph M. Alioto
Alioto Law Firm
35th Floor
1 Sansome Street
San Francisco, CA 94014
(415) 434-8900

*Attorneys for Plaintiff-Appellant,*
*Paul D. Ceglia*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 17, 2015, a true and correct copy of the

foregoing Plaintiff-Appellant's Motion to Supplement Record and File Document

Under Seal were served on all counsel of record in this appeal via CM/ECF

pursuant to Local Rule 25.1(h)(1) & (2).


<u>s/ Gil D. Messina</u>
Gil D. Messina

**IN THE
UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

_____     :
                                      :
PAUL D. CEGLIA,                       :
                                      :
                 Plaintiff-Appellant, :     Docket No. 14-1365
                                      :
        v.                            :
                                      :
MARK ELLIOT ZUCKERBERG, et al.,       :
                                      :
              Defendants-Appellees.   :
_____     :

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

**DECLARATION IN SUPPORT OF
PLAINTIFF-APPELLANT'S MOTION TO
SUPPLEMENT RECORD AND FILE DOCUMENT UNDER SEAL**
_____

Gil D. Messina, pursuant to 28 U.S.C. § 1746, does hereby declare under the pains and penalties of perjury of the United States as follows:

1.      I am an attorney of record for the plaintiff-appellant Paul D. Ceglia and am duly admitted to practice in the United States Court of Appeals for the Second Circuit.  I am submitting this declaration in support of appellant's Motion to Supplement Record and File Document Under Seal.

2.      I also represent Mr. Ceglia in the related criminal case pending against him in the U.S. District Court for the Southern District of New York.  That case charges him with the crimes of wire and mail fraud for having initiated and pursued the civil action that is the subject of this appeal.[1]/  (*United States v. Ceglia*, Case No. 12-cr-876 (VSB)).

3.      Mr. Ceglia now moves to supplement the record in this appeal to allow him to file in this Court a two-page email dated August 18, 2003, composed by Mark Zuckerberg and sent to an associate of his who, along with Zuckerberg, was performing coding work for Mr. Ceglia at that time.  The email was disclosed to Mr. Ceglia's counsel for the first time by the government in discovery in the criminal case.

4.      The email was obviously obtained by the government from Mr. Zuckerberg and Facebook, Inc. and when the government produced it in discovery, it was marked "Confidential Information," even though it does not contain any confidential information.

---

[1] Mr. Ceglia contends in the criminal case and in the related appeal in this Court (*Ceglia v. Holder, et al*., Case No. 14-1752) that his prosecution violates well-established case law (*see e.g., United States v. Pendergraft*, 297 F.3d 1198, 1209 (11th Cir. 2002) and his First Amendment right to petition the courts.

2

5.      Because the email was marked confidential, it automatically became subject to a Protective Order entered in the criminal case which a) generally prohibits its disclosure and b) prohibits its use, except in the criminal action.

6.      The August 18, 2003 email, which was previously unknown to Mr. Ceglia and his civil attorneys, is highly relevant to this appeal because it shows that the civil defendants, Facebook and Zuckerberg, withheld critical evidence in the underlying civil action, misrepresented its existence to the Court there, and the order which denied Ceglia general discovery was highly prejudicial to him.

7.      The email states that Mr. Zuckerberg created a contract between himself and Mr. Ceglia which he sent to Ceglia.  The email was never acknowledged to exist by the defendants in the case below, even though counsel for Zuckerberg and Facebook assured the district court that all such emails would be produced.  A copy of an excerpt from the transcript of the hearing in the district court on June 30, 2011 is attached as Exhibit A.  It appears in the district court docket at Document 94.

8.      After disclosure of the email in the criminal case, I, as one of Mr. Ceglia's defense attorneys, requested that the email be released from the confidentiality designation and Protective Order in the criminal case so that Mr.

3

Ceglia could move to supplement the record in this appeal with it. Facebook and Zuckerberg refused.

9. I also asked the government if it would agree to release the email from the Protective Order, but the government initially declined.

10. After a hearing on January 30, 2015, before the Honorable Vernon S. Broderick, the government's attorneys and I met and conferred and on February 6, 2015, the government agreed that the email could be submitted to this Court in this appeal, provided it is filed under seal.

11. Hence, appellant-plaintiff Paul Ceglia has moved to supplement the record on the appeal in this Court by allowing him to file under seal the two-page August 18, 2003 email produced in the criminal case.

12. It is respectfully submitted that highly relevant emails and contract documents that were ordered to be produced in this civil action were withheld by the defendants, Zuckerberg and Facebook. Had they been produced, they would have authenticated the Work for Hire Contract that Mr. Ceglia contends is the true contract between him and Mr. Zuckerberg.

13. The August 18, 2003 email is important to this appeal because it underscores the prejudice to plaintiff that resulted from the one-sided discovery the district court ordered in favor of the defendants and the defendants' failure to

comply – despite assurances they would – with the limited discovery order the court entered against them and order staying general discovery which is also a subject of this appeal.

14.     Although appellant's counsel advised appellees' counsel of the intention to file this motion and requested to know whether appellee opposes or does not oppose its filing, appellee has not responded.

Dated:   February 17, 2015
            Holmdel, NJ                          s/ Gil D. Messina_____
                                                 Gil D. Messina

5

# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
——————————————————————————————————————

PAUL D. CEGLIA,

                 Plaintiff,

              -vs-                        10-CV-569A

MARK ELLIOTT ZUCKERBERG and
FACEBOOK, INC.,

                 Defendants.

——————————————————————————————————————

          Proceedings held before the

      Honorable Leslie G. Foschio,  U.S.

      Courthouse, 68 Court Street, Buffalo,

      New York on June 30, 2011.

      APPEARANCES:

      JEFFREY ALAN LAKE, ESQ.,
      Appearing for Plaintiff.

      ORIN S. SNYDER, ESQ.,
      MATTHEW BENJAMIN, ESQ.,
      TERRANCE P. FLYNN, ESQ.,
      Appearing for Defendants.

      AUDIO RECORDER:  Sandra Wilson

      TRANSCRIBER:     Michelle L. McLaughlin, RPR,
                       Official Reporter,
                       U.S.D.C. W.D.N.Y.
                       716/332-3560

      (Proceedings recorded by electronic sound
      recording, transcript produced by computer.)

1        THE COURT:  In other words, all of the

2    things that he -- I'm drawing your attention to,

3    and you know what I'm referring to, page 12 and 13

4    of the plaintiff's memorandum, there are listed

5    therein one, two, three, four, five categories of

6    which don't sound burdensome --

7        MR. SNYDER:  I can address each, your

8    Honor.

9        THE COURT:  Yes, that's my point.  What is

10   wrong with, for example, getting all documents

11   constituting or reflecting or referring to

12   agreements between plaintiff and Zuckerberg --

13       MR. SNYDER:  Well, your Honor --

14       THE COURT:  -- what's wrong with that?

15       MR. SNYDER:  We have none, so that's --

16       THE COURT:  That's the first time I've

17   heard that.  Did you say that in your reply?  I

18   don't remember that.

19       MR. SNYDER:  We have -- I said to your

20   Honor today that Mr. Zuckerberg doesn't have a copy

21   of the contract, and therefore we would agree to

22   mutual discovery on that, and there's nothing to

23   exist.

24       THE COURT:  The only emails that refer to

25   it are the ones we've been discussing, and you

1    don't want those to be provided for the reasons you

2    stated.

3              MR. SNYDER:  We will provide those emails

4    after Mr. Ceglia --

5              THE COURT:  So that request is actually

6    okay.

7              MR. SNYDER:  Yes, your Honor.

8              THE COURT:  As a request, as a mutual

9    request.  But as long as it's sequenced.

10             MR. SNYDER:  Yes.

11             THE COURT:  Well see, then that -- that is

12   an argument in favor of mutual discovery.

13             MR. SNYDER:  As we said in our papers --

14             THE COURT:  Don't you see that?

15             MR. SNYDER:  As we said in our papers --

16             THE COURT:  You see that?

17             MR. SNYDER:  Yes, your Honor, I do.

18             THE COURT:  Thank you.  All right.  Lets

19   move to the second one.  All documents constituting

20   or reflecting or referring to communications

21   between plaintiff and Zuckerberg, which

22   communications include, but are not limited to --

23   oh, this is the one -- actually this is repetitive

24   of the first one.

25             MR. SNYDER:  Yes.